IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE RAFAEL ARAIZA,

       Plaintiff,

vs.                                                            No. CIV 11-0568 RB/WPL

QWEST CORPORATION
and PHIL KELLEY,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand, (Doc. 17), filed on

September 6, 2011. Defendants filed a response in opposition to this motion on September 23,

2011.  (Doc. 19).  Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367.  Having considered the

submission of counsel, the record, and the relevant law, the Court grants this Motion.

## I.      Background.

On May 26, 2011, Plaintiff (Mr. Araiza) filed a Complaint in the Third Judicial District

Court, County of Doña Ana, State of New Mexico.  (Doc. 1-2).  Therein, Mr. Araiza asserted

claims under the New Mexico Human Rights Act (NMHRA) and negligent training/supervision.[1]

(*Id.*)  On June 27, 2011, Defendants removed this action, pursuant to 28 U.S.C. § 1441(a), based

on federal question jurisdiction.  *See* 28 U.S.C. § 1331.

On July 5, 2011, Defendants moved to dismiss the negligent training/supervision claims

on the grounds that such claims were preempted by the LMRA and were barred under the

---

[1] Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, (LMRA)  preempted the
claims for negligent training/supervision because the terms and conditions of Mr. Araiza's employment
were governed by a collective bargaining agreement. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202,
211 (1985).

LMRA.  (Doc. 7).  Mr. Araiza did not oppose the motion and agreed to dismissal of the negligent

training/supervision claims on August 9, 2011.  (Doc. 12).  Based on the parties agreement, the

Court approved a stipulated Order dismissing the training/supervision claims.  (Doc. 13).

        In the instant motion, Mr. Araiza argues that the case must be remanded to state court for

lack of subject matter jurisdiction.  (Doc. 17).  Defendants respond that the dismissal of the

federal claim does not require remand. (Doc. 19).

## II.     Discussion.

        Section 1447(c) provides, in relevant part: "If at any time before final judgment it appears

that the district court lacks subject matter jurisdiction, [a removed] case shall be remanded." 28

U.S.C. § 1447(c).  Mr. Araiza contends this language requires the Court to remand the case to

state court after the LMRA claims, the sole basis for federal jurisdiction, were dismissed.  This

argument is foreclosed by *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 129 S.Ct. 1862

(2009).

        In *Carlsbad* the Supreme Court determined that a "District Court's remand order, which

rested on its decision declining to exercise supplemental jurisdiction over respondents' state-law

claims," was not a "remand based on 'lack of subject matter jurisdiction for purposes of §

1447(c).' " *Carlsbad*, 129 S.Ct. at 1866.  The Court explained that when the district court

dismissed the sole federal claim from that case, the district court retained its statutory

supplemental jurisdiction over the remaining state-law claims because "§ 1367(a) and (c) provide

a basis for subject-matter jurisdiction over any properly removed state claim."  *Id.* at 1867.  The

district court's subsequent "decision declining to exercise that statutory authority was not based

on a jurisdictional defect but on its discretionary choice not to hear the claims despite its

subject-matter jurisdiction over them." *Id.* Based on *Carlsbad*, the Court retains supplemental jurisdiction over the remaining state-law claims and has the discretion to either retain or remand these claims pursuant to 28 U.S.C. § 1367(c).

With regard to the exercise of discretion under § 1367(c), the Supreme Court has instructed that "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The Tenth Circuit has "generally held that if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (brackets and internal quotation marks omitted). Here, the federal claims were dismissed at an early stage of the litigation. The remaining claims arise under state law. Based on these considerations, the interests of judicial economy, convenience, fairness, and comity weigh against the exercise of supplemental jurisdiction. Accordingly, the Court will remand this matter to state court.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Remand, (Doc. 17), filed on September 6, 2011, is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is remanded to Third Judicial District Court, County of Doña Ana, State of New Mexico.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**